UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Karyn M. Kelley et al.

    v.                                    Civil No. 20-cv-162-PB

Charles A. Russell et al.

**REPORT AND RECOMMENDATION**

The complaint is signed by Ms. Kelley in her individual capacity and as trustee of the Karyn M. Kelley Revocable Trust (the "Trust"). (Doc. No. 1). From the pleadings, it appears that Ms. Kelley intends to represent herself and the revocable trust pro se.

Local Rule 83.6(c) limits pro se representation of a trust to the sole beneficiary of the trust. By order dated February 5, 2020, and April 1, 2020, the court gave Ms. Kelley two opportunities to establish that she is the sole beneficiary of the trust or to obtain counsel to represent the trust. The deadline to respond to the April 1st order lapsed on April 22, 2020, and Ms. Kelley took no action in response.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b), including failure of the plaintiff to comply with any order of the court." Torres-Álamo v.

Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007). The undersigned, mindful of "the strong presumption in favor of deciding cases on the merits," García-Pérez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010), considers the totality of the circumstances in determining whether dismissal is appropriate. See Díaz-Santos v. Dep't of Educ., 108 F. App'x 638, 640 (1st Cir. 2004).

Ms. Kelley was informed by the court that noncompliance with its order would result in a recommendation of dismissal of The Karyn M. Kelley Revocable Trust from this case. (Doc. No. 6 at 3). Given this noncompliance, and the prohibition on Ms. Kelley representing the Trust pro se, the undersigned finds it appropriate to recommend that the district judge dismiss the Trust's claims without prejudice for failure to prosecute.1 The undersigned also recommends that the Plaintiff Trust's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 3) be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of being served with this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon

---

1. The undersigned does not recommend that the Trust's claims be dismissed with prejudice, as Ms. Kelley's conduct does not rise to the level where such a sanction would be justified. See Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003)(noting the factors a court should consider when determining whether dismissal with prejudice for failure to prosecute is appropriate).

motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

    SO ORDERED.

                                            <u>/s/ Daniel J. Lynch</u>
                                            Daniel J. Lynch
                                            United States Magistrate Judge

Date: May 4, 2020

cc:  Karyn M. Kelley, pro se