UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Karyn M. Kelley et al.

    v.                        Civil No. 20-cv-162-PB

Charles A. Russell et al.

**REPORT AND RECOMMENDATION**

    This case was initiated by a complaint signed by Ms. Kelley in her individual capacity and as trustee of the Karyn M. Kelley Revocable Trust (the "Trust"). (Doc. No. 1). From the pleadings, it appeared that Ms. Kelley intends to represent herself and the Trust pro se.

    Local Rule 83.6(c) provides that a "trust may not appear in any action or proceeding pro se, except that a trustee who is the sole beneficiary of a trust may represent the trust pro se." By orders dated February 5, 2020, and April 1, 2020, the court gave Ms. Kelley two opportunities to establish that she is the sole beneficiary of the trust or to obtain counsel to represent the trust. (Doc. Nos. 4 & 6). Because Ms. Kelley took no action in response to the April 1st order, the undersigned recommended that the district judge dismiss the Trust's claims without prejudice for failure to prosecute and that the Trust's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 3) be denied as moot. (Doc. No. 7).

Ms. Kelley subsequently submitted both an objection to that report and recommendation and, for the first time, the original Trust Agreement. (Docs. No. 12 & 13).

Upon review of the original trust agreement, it is clear that there were designated beneficiaries beyond Ms. Kelley. In response to an earlier order stating that only a sole beneficiary can represent a trust pro se under Local Rule 83.6(c), Ms. Kelley, the sole trustee, amended the trust to designate herself as the sole beneficiary. As noted in the court's order on April 1, 2020:

> [It] is [a] well-established principle of trust law that the same person cannot be the sole trustee and the sole beneficiary of a trust. Restatement (Third) of Trusts § 69 (Am. Law Inst. 2003) ("If the legal title to the trust property and the entire beneficial interest become united in one person, the trust terminates."); see also Restatement (Second) of Trusts § 341 (Am. Law Inst. 1959). New Hampshire law is in accord with this established legal principle. RSA 564-B:4-402(b) ("the same person is not the sole trustee, the sole current beneficiary and the sole remainder beneficiary"). Thus, Ms. Kelley, who appears to be the sole trustee, has not established that she may represent the revocable trust pro se as its sole beneficiary.

Doc. No. 6 at 2-3.

In short, by amending the original trust instrument, Ms. Kelley attempted to cure the local rule prohibition on pro se representation by creating a trust entity not recognized at law. This she cannot do. Therefore, after reviewing the original trust agreement, the undersigned reaffirms, and incorporates by

reference, its prior order recommending that the district judge dismiss the Trust's claims without prejudice for failure to prosecute due to non-compliance with the local rule prohibiting pro se representation of a trust, and deny the Trust's in forma pauperis application.[1]

Any objections to this Report and Recommendation, as well as the Report and Recommendation dated May 4, 2020 (Doc. No. 7), must be filed within fourteen (14) days of being served with this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

SO ORDERED.

/s/ Daniel J. Lynch
Daniel J. Lynch
United States Magistrate Judge

Date: September 8, 2020

cc: Karyn M. Kelley

---

[1] The undersigned does not recommend that the Trust's claims be dismissed with prejudice, as Ms. Kelley's conduct does not warrant that result. See Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003)(noting the factors a court should consider when determining whether dismissal with prejudice for failure to prosecute is appropriate).